# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> M. GUZMAN, et al., <br><br> Defendants. | Case No. 1:17-cv-00896-AWI-EPG (PC) <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS FEDERAL CLAIMS WITH PREJUDICE FOR FAILURE TO STATE A CLAIM AND DISMISS STATE CLAIMS WITHOUT PREJUDICE FOR LACK OF JURISDICTION <br><br> (ECF NO. 12) <br><br> OBJECTIONS DUE WITHIN TWENTY-ONE (21) DAYS |

## I. BACKGROUND

Christopher Lipsey, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on July 6, 2017. (ECF No. 1). He filed a First Amended Complaint on October 11, 2017 (ECF No. 9), and a Second Amended Complaint on March 7, 2018 (which was labelled "First Amended Complaint") (ECF No. 12). Plaintiff asserts that a nurse filed a false report against him, allegedly because he used a disrespectful name to refer to her. The false report was filed weeks after the nurse complained about staying late for Plaintiff's suicide watch.

For the reasons described below, the Court recommends that this case be dismissed because Plaintiff failed to state a claim upon which relief may be granted. Plaintiff may file objections to these findings and recommendations within twenty-one (21) days from the date of

1

service of this order.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 5), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

\\\

\\\

### III. SUMMARY OF PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff alleges that, on March 30, 2017, he was on the yard exercising in a secured cage. Plaintiff and other inmates were debating what candy is the most popular during Easter. Plaintiff yelled out "Peeps or Pepe's, whatever they're called!" Defendant Nurse Guzman was walking by as Plaintiff yelled this out, and yelled "what did you say?" Plaintiff replied, "Peeps or Pepe's." Defendant Guzman then angrily yelled "what did you call me? I'm going to write you up, call me only by my name."

Plaintiff went back to his cell and thought about why she would single him out like that. He realized Defendant Guzman was the nurse who, a week or two before, complained to another officer about not being able to go home early because she was attending to Plaintiff during a suicide watch. Plaintiff had also told her that he would be writing her up for inappropriate comments.

Defendant Guzman wrote Plaintiff up on a serious rules violation. This write-up was dismissed. However, Plaintiff was still reluctant to go to the exercise yard and to report depression for fear of Defendant Guzman retaliating further. He alleges that the write-up was done "in retaliation for either telling the doctor he's still suicidal; or for telling Guzman he's going to write her up for her comments of disapproval to the officer about Plaintiff communications with the doctor (who still considered Plaintiff to be at risk of self-injurious and/or suicidal.)."

Plaintiff claims he now has anxiety attacks when nurses walk by. He worries that he now has a reputation of being disrespectful to women. He does not discuss religion because it causes people to get amped up and loud, which has previously gotten Plaintiff written up. He also states "Plaintiff started to feel like he was such an inconvenience in this world you can barely find someone who's willing to accept payment to be sure Plaintiff doesn't take his life. After this, Plaintiff has just started cutting and choking himself out (unconscious) when he feels suicidal."

He now brings a claim against thirteen defendants including Guzman, the warden of Corcoran State Prison, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), the CDCR itself, and the Governor.

## IV. EVALUATION OF PLAINTIFF'S AMENDED COMPLAINT

### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional

4

harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

\\\

\\\

5

### B. Defendants

As an initial manner, the only defendant who is alleged to have directly taken an action that violated Plaintiff's constitutional rights is Defendant Guzman. No other defendant appears to have taken any action against Plaintiff. Indeed, the complaint by Defendant Guzman was dismissed by the prison. For this reason, every defendant other than Defendant Guzman should be dismissed with prejudice because there are no allegations that they personally participated in the alleged deprivation of Plaintiff's constitutional rights.

### C. Evaluation of Plaintiff's Claim for Filing False Rules Violation

#### i. Legal Standards

The filing of false allegations by itself does not violate a prisoner's constitutional rights. Specifically, the Ninth Circuit held in Hernandez v. Johnston, 833 F.2d 1316 (9th Cir. 1987) that inaccurate information in a prison record did not violate the prisoner's due process rights. Id. at 1318 ("Magistrate Burgess did not discuss Hernandez' separable claim of a due process right to accurate information in his prison record. We address the issue, and hold that Hernandez was not deprived of liberty by the presence of the challenged statements.").

While the Ninth Circuit has not directly addressed whether a false rules violation report alone violates a prisoner's constitutional rights, this specific issue was thoroughly addressed in a decision of this district, which was affirmed by the Ninth Circuit in an unpublished decision:

> A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *See Sprouse v. Babcock,* 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir. 1986). As long as a prisoner receives procedural due process during his disciplinary hearing, a prisoner's allegation of a fabricated prison disciplinary charge fails to state a cognizable claim for relief under § 1983. *See Freeman,* 808 F.2d at 951 (the filing of a false disciplinary charge against a prisoner is not actionable under § 1983 if prison officials provide the prisoner with procedural due process protections); *Hanrahan v. Lane,* 747 F.2d 1137, 1140–41 (7th *Cir.* 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided.").

Although the Ninth Circuit has not directly addressed this issue in a published

> opinion, district courts throughout California relying on the cases cited above have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983. *See, e.g., Conner v. Winslow,* No. EDCV 07–218 AG (AN), 2009 WL 1549737 at *18 (C.D. Cal. June 1, 2009); *Williams v. Foote,* No. CV 08–2838 CJC (JTL), 2009 WL 1520029 at *7 (C.D. Cal. May 28, 2009); *Salisbury v. Miller,* No. C 08–4680 MHP (pr), 2009 WL 743925 at *2 (N.D. Cal. Mar. 18, 2009); *Meraz v. Reppond,* No. C 08–4540 MHP (pr), 2009 WL 723841 at *2 (N.D. Cal. Mar. 18, 2009); *Rodgers v. Reynaga,* No. CV 1–06–1083 JAT, 2009 WL 62130 at *2 (E.D. Cal. Jan. 8, 2009); *Drake v. Berg,* No. C 07–3844 PJH (PR), 2008 WL 4482848 at *1 (N.D. Cal. Oct. 1, 2008); *Moore v. Thomas,* No. C 06–2105 SBA (PR), 2008 WL 4447726 at *4 (N.D. Cal. Sept. 30, 2008); *Deadmon v. Grannis,* No. 06–cv–1382 LAB (WMC), 2008 WL 595883 at *10 (S.D. Cal. Feb. 29, 2008); *Carrillo v. Pena,* No. CIV S–06–2924 RRB DAD, 2007 WL 2994689 at *2 (E.D. Cal. Oct. 12, 2007); *Player v. Salas,* No. 04–cv–1761 LAB (WMc), 2007 WL 2781102 at *7 (S.D. Cal. Sept. 21, 2007), *aff'd* 2009 WL 890967 (9th Cir. Apr.3, 2009); *Brookins v. Terhune,* No. CIV S–03–0916 GEB JFM, 2005 WL 3262940 at *4 (E.D. Cal. Nov. 28, 2005), *adopted by* 2006 WL 647975, *aff'd* 2007 WL 2827544 (9th Cir. Sept.27, 2007).

Harper v. Costa (E.D. Cal., June 16, 2009, No. CIVS07-2149LKK DADP) 2009 WL 1684599, at *2–3, subsequently aff'd, 393 Fed.Appx. 488 (9th Cir. 2010).

Here, the false charge against Plaintiff was dismissed. Plaintiff did not receive any punishment solely on the basis of the false charge. Accordingly, Plaintiff does not state a constitutional claim based on the allegation that Defendant Guzman filed false charges against him.

### D. Retaliation in Violation of the First Amendment.

Allegations of retaliation against a prisoner's First Amendment rights may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). See also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). A retaliation claim requires "five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); accord Watson v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir.

2009).

To prove the second element, retaliatory motive, Plaintiff must show that his protected activities were a "substantial" or "motivating" factor behind the defendant's challenged conduct. Brodheim, 584 F.3d at 1271 (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989)). Plaintiff must provide direct or circumstantial evidence of Defendant's alleged retaliatory motive; mere speculation is not sufficient. See McCollum v. CDCR, 647 F.3d 870, 882–83 (9th Cir.2011); accord, Wood v. Yordy, 753 F.3d 899, 905 (9th Cir.2014). In addition to demonstrating Defendant's knowledge of Plaintiff's protected conduct, circumstantial evidence of motive may include: (1) proximity in time between the protected conduct and the alleged retaliation; (2) Defendant's expressed opposition to the protected conduct; and (3) other evidence showing that defendant's reasons for the challenged action were false or pretextual. McCollum, 647 F.3d at 882.

Plaintiff alleges that Defendant Guzman retaliated against him for keeping her late during a suicide watch and then saying he might write her up for inappropriate comments. (ECF No. 12, pgs. 4-5) ("Plaintiff went back to his cell and thought about why would she single him out and realize she was the nurse who complained to an officer a week or two prior about not being able to go home early because Plaintiff told the doctor he was still feeling suicidal, and the nurse who Plaintiff told he'd be writing up for inappropriate comments.").

This Court recommends finding that Plaintiff fails to state a retaliation claim under the First Amendment as well because the link between the write-up and protected conduct is too tenuous. Ashcroft v. Iqbal 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."). After all, there is no allegation

that Defendant Guzman communicated in any way that she filed a false report in retaliation for any protected conduct. Moreover, she filed the report after overhearing Plaintiff say "Peeps or Pepe's," and subsequently asking "What did you call me?" This chronology leads to the strong inference that Defendant Guzman filed the report because she mistakenly thought Plaintiff was using a disrespectful name toward her and not because she overheard Plaintiff a few weeks before saying that he might write her up for inappropriate comments. The Court finds that Plaintiff's claim of retaliation states only "facts that are 'merely consistent with' defendant's liability," rather than facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Plaintiff's statements elsewhere in his complaint suggest that his true harm has nothing to do with being chilled from writing complaints against Defendant Guzman or anyone else due to her retaliatory conduct. Instead, Plaintiff takes issue with the fact that Defendant Guzman complained about having to stay late for his suicide watch. (ECF No. 12, pgs. 6 (worrying that "another nurse who might want to go home early" would complain about having to be on suicide watch) & 10 ("Plaintiff started to feel like he was such an inconvenience in this world you can barely find someone who's willing to accept payment to be sure plaintiff doesn't take his life.").  While Plaintiff was clearly troubled by Defendant Guzman's complaint about staying late for Plaintiff's suicide watch, her insensitive comment does not give rise to a claim for violation of Plaintiff's constitutional rights.

### E. First Amendment Religious Rights and Americans with Disabilities Act

Plaintiff also brings a claim for violation of his religious rights under the First Amendment, and for violating the Americans with Disabilities Act ("ADA").

As to Plaintiff's religious rights claim, it fails because there is no allegation that Defendant Guzman denied Plaintiff the ability to practice his religion, or that the allegedly false write-up had anything to do with Plaintiff's exercise of religion.

As to Plaintiff's ADA claim, Plaintiff has not alleged he was excluded or discriminated against because of his disability. Plaintiff has not alleged that the claim was filed against him due to any mental disability.

9

Accordingly, Plaintiff has failed to state any cognizable federal claims.

### F. State Law Claim

Plaintiff brings a claim under California Civil Code § 52.1 (the Bane Act). Because Plaintiff has not asserted any cognizable federal claims, the Court should decline to adjudicate the state law claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); see also Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994). "When...the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989).

## V. CONCLUSION AND RECOMMENDATIONS

The Court has screened the complaint, and finds that it fails to state a cognizable federal claim under the relevant legal standards. As there is no cognizable federal claim, the Court should decline to adjudicate the state law claim.

The Court does not recommend granting leave to amend. The legal issues raised in this order cannot be cured by additional facts. Plaintiff has clearly stated the facts regarding the underlying conduct, and the Court finds that such conduct does not violate a constitutional right. Moreover, this is Plaintiff's Second Amended Complaint. The Court finds that further amendment would be futile.

Based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. This action be dismissed, with Plaintiff's state law claim being dismissed without prejudice;[1] and
2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file

---

[1] This Court believes that this dismissal would be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015).

written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 29, 2018**

/s/ Erin P. Grosjean
UNITED STATES MAGISTRATE JUDGE